**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY E. HUDSON,
Plaintiff-Appellant,

v.                                                             No. 95-1311

NATIONAL SECURITY AGENCY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-94-447-WMN)

Argued: December 6, 1995

Decided: January 16, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Celicia G. Hoover-Hankerson, Harrisburg, Pennsylvania,
for Appellant. Christine Manuelian, Assistant United States Attorney,
Baltimore, Maryland, for Appellee. **ON BRIEF:**  Lynne A. Battaglia,
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Mary E. Hudson, asserts a claim for race discrimination arising from the termination of her employment with the appellee, the National Security Agency ("NSA"). Following notification that her employment was about to be terminated, Hudson filed an Equal Employment Opportunity complaint on February 11, 1987, alleging race discrimination. On or about October 22, 1993, a final agency decision (right-to-sue letter) rejecting Hudson's claim was issued. A copy of that decision was hand delivered to the office of Robert Bloom, Hudson's attorney, on October 26, 1993.

Hudson received a letter from Bloom dated November 15, 1993, indicating that an adverse final agency decision had been rendered. Bloom's letter stated that the right-to-sue letter was enclosed and informed Hudson that,

> if this matter is to be pursued any further, it will be neces-
> sary to file suit. Because of my heavy caseload, I am not in
> a position to prepare and file a suit . . . . If you wish for me
> to identify a lawyer who is in a position to take this case to
> trial, please let me know at your earliest convenience.

J.A. at 20. While Hudson claims that there was no enclosure with Bloom's letter, she acknowledges receiving a copy of the right-to-sue letter on December 1, 1993. See Appellant's Br. at 6. Hudson filed suit, pro se, on February 23, 1994, 120 days after her attorney received the final agency determination.

The right-to-sue letter clearly stated that Hudson had ninety days from receipt of the decision to file a civil action. First, the letter stated that, "[i]f you chose to file a civil action, you must do so (1) within 90 calendar days of receipt of this final decision if no appeal to the

2

EEOC has been filed." J.A at 26. Second, the last sentence of the letter emphasized that, "the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date you receive the Commission's decision." J.A. at 27.

Hudson concedes that her claim is untimely, but argues that her failure to file within ninety days should be excused under equitable tolling principles. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). The district court rejected Hudson's equitable tolling claim and granted NSA's motion to dismiss, reasoning that Hudson alleged no misconduct on the part of NSA and that Hudson, who acknowledged receiving the right-to-sue letter on December 1, had "ample time" to file a suit by the January 24, 1994, deadline. See J.A. at 14-15.

We have carefully considered the arguments raised by both parties. The judgment of the district court is affirmed on the reasoning of the district court.

AFFIRMED

3